By the Court.—Curtis, J.
The views expressed by the learned judge, at the special term, in his opinion upon making the order continuing the injunc *340 tion against the defendants, fully sustain his direction.
It is at all times desirable that departments created and organized for the efficient and discreet performance of grave duties in the public service, should co-operate for the general welfare, and in doing so, not only present an example of respect for the law, but scrupulously avoid acts of violence towards each other; neither would it be amiss for them to endeavor to observe the courtesies and conventionalities that prevail among the respective branches of the civil service in most civilized communities. Nor does it detract from this theory of what their mutual relations should be, that as in the present instance as well as in all others where litigation arises from their controversies between themselves, its expenses on both sides are drawn from the public treasury. Not only do such variances militate with the highest discharge of duty, but they unjustly increase the public burden.
The premises in question were purchased, and the buildings constructed at the public expense, and are the property of the public. The Health Department, and the Police Department have occupied portions of them for some years. The latter desired to occupy the rooms of the former, and forcibly took possession of some of them, when the former brought this suit and procured the injunction order restraining them, and forbidding the continuance of such forcible occupancy, which is now appealed from.
Where a person is in the possession of real estate, even though he may be amere tenant by sufferance, or has not paid his rent, or holds over after the expiration of his term, the owner can only regain possession by process of law. Public policy forbids a resort to violence.
If, as is claimed by the Police Department, the Health Department came in under them, to hold the *341 rooms at their pleasure, still they have no more right to resort to force to re-possess themselves of the rooms occupied by the health department, than any other landlord in the community would have to resort to force agaiust his tenant. It is not shown that the legislature has attempted to grant any such privilege to the Police Department. But the legislature has made it the duty of the officers and men of the police department to enforce all the ordinances and regulations of the former, and to report all violations of the same, and otherwise co-operate with the Board of Health for the public good (Laws of 1867, chap. 956, §§ 3, 31). The proofs presented strongly indicate that it is best for the public health and welfare that these two departments should occupy ad jacent offices in the same building, and the action of the legislature and of the municipal authorities, tends to show that such was the intention from the time of the plaintiff ’s creation.
. If there was any irregularity or defect in not giving due notice of the application for the injunction at the special term, the proceeding to the hearing of that motion, without presenting the objection either by the papers or otherwise, must, at this stage, be deemed to have been a waiver of it.
The order appealed from should be affirmed, with costs of appeal and disbursements.
Van Vorst, J., concurred.